UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EUGENE DEVBROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:11cv108 |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant, Correctional Medical Services, Inc. (CMS), on October 17, 2012. The plaintiff, Eugene Devbrow ("Devbrow"), filed his response on December 17, 2012, to which CMS replied on December 18, 2012.

For the following reasons, the motion for summary judgment will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

Devbrow, who was incarcerated at the Westville Correctional Center during the time relevant to his amended complaint, has alleged that CMS had an unspecified policy, practice or procedure that was deliberately indifferent to his medical needs. He brings this action pursuant to § 1983, and has also alleged violations of the Indiana Constitution.

Devbrow contends that on March 4, 2009, he was sitting in the prison dayroom when approximately 60 ceiling tiles fell from the ceiling, striking and injuring him. Devbrow states in his affidavit that he began experiencing severe headaches, dizziness, limited mobility, and severe pain in his left elbow, hip and back. Devbrow recites various medical care he received for his injuries, including ice packs and Tylenol, and x-rays of his hip and elbow which did not show any injury other than some soft tissue swelling in his elbow area. Devbrow suffered from other illnesses prior to the tiles falling on him, including prostate cancer, high blood pressure, hypothyroidism, and hyperlipidemia. Due to those conditions, Devbrow was enrolled in the Chronic Care Clinic and was seen by a provider at least every 12 weeks.

It has been well established that deliberate indifference claims brought pursuant to 42 U.S.C. Section 1983 against a corporation like CMS cannot be based on the theory of respondeat superior. *Chaves v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *see also Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982), holding that "a private corporation is not vicariously liable under

Section 1983 for its employees' deprivations of others' civil rights." Because CMS acts under color of state law by contracting to perform a government function, *i.e.* providing medical care to correctional facilities, CMS is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002).

Therefore, to state a cognizable deliberate indifference claim against CMS, Devbrow must establish that he suffered a constitutional deprivation as the result of an express policy or custom of CMS. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002). Plaintiff must show that CMS has: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a practice that is so wide-spread that, although not authorized by written or express policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policy making authority. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-759 (7th Cir. 2004). For example, deliberate indifference can be demonstrated by showing that a governmental entity (or corporation acting as a governmental entity) had "such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Circuit 1983). Detainees are entitled to "the minimal civilized measure of life's necessities." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). However, jail conditions may be "harsh and uncomfortable without violating the Constitution." *Id*. Governmental entities may not be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Grieveson v. Anderson*, 538 F.3d 771 (7th Cir. 2008). In addition to showing that his medical care was affected by a policy, custom, or procedure of CMS, Devbrow must also

offer evidence of other offenders who have been subjected to the same allegedly indifferent conduct as he complains about, because a custom cannot be established through a single incident. *Palmer v. Marion County*, 327 F.3d 588 (7th Cir. 2003).

In his response to the motion for summary judgment, Devbrow asserts that he has presented evidence that he had a serious medical need and that CMS, via its employees, was deliberately indifferent to that need. However, even assuming that Devbrow's assertions are true, Devbrow has not presented evidence of any policy, custom or procedure of CMS that led to the alleged deliberate indifference. As noted above, Devbrow may not proceed under the theory of *respondeat superior*. *Chaves*, 251 F.3d at 651. As Devbrow has not presented a shred of evidence that his alleged lack of medical care was due to any corporate policy, custom, practice, or procedure of CMS, the motion for summary judgment must be granted as to Devbrow's § 1983 claims.

Devbrow has alleged in his amended complaint that CMS violated his rights under the Indiana Constitution, Article I, Sections 15, 16 and 23. Section 15 prohibits treating inmates with "unnecessary rigor". Section 16 prohibits cruel and unusual punishment. And Section 23 provides that all citizens are equally entitled to privileges and immunities. CMS has pointed out that neither the federal courts nor the Indiana Supreme Court has recognized a right to monetary relief under the Indiana Constitution. Devbrow apparently concedes this claim, as he has not addressed this issue in his response to the motion for summary judgment. Accordingly, summary judgment will be granted on this claim.

Finally, it appears that Devbrow may be alleging that CMS negligently failed to repair the ceiling. CMS has asserted that it has no involvement with any day-to-day operations of the

4

Westville Correctional Facility, other than the provision of medical services. Again, Devbrow appears to have conceded this issue, as he has not addressed this issue in his response. Thus, summary judgment is appropriate.

## Discussion

On the basis of the foregoing, CMS' motion for summary judgment [DE 39] is hereby GRANTED.

Entered: February 6, 2013.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court